UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SABINA MUHAMMED, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2381 |
| | § | |
| LONE STAR COLLEGE SYSTEM, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Lone Star College System's ("Lone Star College")
Motion to Dismiss (Doc. 27).  Plaintiff pro se Sabina Muhammed ("Muhammed") did not file a
response to this motion, but responded to an earlier motion to dismiss.  (Docs. 9 and 13.)  Upon
review and consideration of this motion, the relevant legal authority, and for the reasons
explained below, the Court finds that Defendant's motion to dismiss should be granted.

I.  Background and Relevant Facts

This is a national origin and religious discrimination case.  Muhammed is Pakistani and
Muslim.  (Pl's Second Am. Compl. at 3, Doc. 25.)  From January 1, 2005 through March 24,
2007, Muhammed worked at Lone Star College.  (*Id.*)  On February 14, 2007, Muhammed
alleges she was enrolled as a student at Lone Star College.  (*Id.*)  Muhammed complains that
Lone Star College "caused a misdemeanor information to be filed in Cause Numbers 1503102
and 1503103 in Harris County Criminal Court at Law Number 11 accusing Plaintiff of Breach of
Computer Security, in violation of Tex. Penal Code § 33.02."  (*Id.*)  Muhammed says a jury
found her guilty "based upon fraudulent and false testimony from Defendant's employees,
Officer Pervaiz Parker and Ms. Celeste Burkards."  (*Id.* at 4.)  Muhammed further complains that
employees of Lone Star College made "inflammatory, degrading, and racial statements

concerning Plaintiff, her nationality, and her religious beliefs as a Muslim."  (*Id.*)

On July 6, 2010, Muhammed filed the instant suit against Defendant Lone Star College. (Doc. 1.)   On December 15, 2010, Muhammed filed her Second Amended Complaint, the operative pleading, bringing claims for negligence and violations of 18 U.S.C. §§ 1622 and 1623 (subornation of perjury and making false declarations before a court) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.   (Doc. 25.)   On January 11, 2011, Muhammed's criminal conviction was affirmed on appeal.  *Muhammed v. State*, 331 S.W.3d 187 (Tex. App.—Houston [14th Dist.] 2011).   Muhammed seeks actual damages of $20,000.00, punitive damages of $100,000.00, and an injunction ordering Lone Star College to purge Muhammed's academic record of all references to criminal activity.   (*Id.*)   Defendant Lone Star College now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   (Doc. 27.)

## II.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).  A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face.  *Id.* at 569.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

It is the court's responsibility to determine whether the plaintiff has stated a legally

cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.  *Id.*  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss.  *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 129 S. Ct. at 1949  (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III.  Discussion

The Court assumes the facts alleged by Muhammed are true for the purpose of this analysis.  Nevertheless, Muhammed's references to her race, national origin, and religion are insufficient to establish a prima facie discrimination claim.  *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).  Muhammed fails to demonstrate differential or less favorable treatment on the basis of her race, national origin, or religion.  Muhammed also presents no evidence that she exhausted her administrative remedies with the Equal Employment Opportunity Commission ("EEOC"), a jurisdictional prerequisite to asserting a claim under Title VII.

Muhammed seeks to hold Lone Star College vicariously liable for the alleged acts of its employees during her criminal trial.  (Pl.'s Second Am. Compl. at 4.)  Under 42 U.S.C. § 1983, however, a governmental entity, such as Lone Star College, cannot be held vicariously liable for civil rights violations under a theory of respondent superior.  Section 1983 also does not permit municipal liability under the doctrine of respondeat superior.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S.

658 at 694); *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992) and quoting *Bd. of Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997)).  "Isolated unconstitutional acts by municipal employees will almost never trigger liability" under section 1983.  *Id*. at 578 (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984).

Section 1983 prohibits persons acting under "color of any statute, ordinance, regulation, custom, or usage" from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  However, "[m]unicipal liability under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom."  *Piotrowski*, 237 F.3d at 578 (quoting *Monell*, 436 U.S. at 694).  These three elements serve to distinguish the actions of government employees from those of the government itself.  *Id.*

A "policy" under section 1983 is typically promulgated in "policy statements, ordinances, or regulations."  *Piotrowski*, 237 F.3d at 579.  However, a policy may also be a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy."  *Webster*, 735 F.2d at 841.  A "handful" of instances do not rise to the level of a pervasive custom or practice.  *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002).  Additionally, the policy or custom must be the "moving force" behind the alleged constitutional violation.  *Piotrowski*, 237 F.3d at 580.

Muhammed's complaint fails to show that Lone Star College has a policy or custom of discriminating against Muslim or Pakistani students or employees.  Even if Muhammed were able to identify such a policy, her section 1983 claim fails to show that it was the moving force behind the criminal complaint filed against her.

4 / 5

Muhammed's negligence claim under section 1983 likewise fails.  (*See* Pl.'s Second Am. Compl. at 5.)  Negligence is not a constitutional violation and therefore cannot support a section 1983 claim.  *Piotrowski*, 237 F.3d at 579–80 (citing *Bryan Cnty.*, 520 U.S. at 407).  Muhammed may only assert a negligence claim under the Texas Tort Claims Act ("TTCA").  As a governmental unit, however, Lone Star College is entitled to immunity under the TTCA.  Tex. Civ. Prac. Rem. Code § 101.051; *see also Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

Finally, Muhammed brings claims under 18 U.S.C. §§ 1622 and 1623 for subornation of perjury and the making of false declarations before a federal tribunal.  (Pl.'s Second Am. Compl. at 4.)  These statutes define federal crimes that the United States Attorney may choose to prosecute in a criminal proceeding, but "federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action."  *Doyon v. U.S.*, 2008 WL 2626837, *4 (W.D. Tex. June 26, 2008).  Claims may be brought pursuant to these statutes by the federal government and not by private individuals such as Muhammed.  *See United States v. Brummer*, 560 F.2d 1268 (5th Cir. 1977) (citing *United States v. Hvass*, 355 U.S. 570 (1958)); *Williams v. United States*, 239 F.2d 748 (5th Cir. 1957).  Muhammed's claims under 18 U.S.C. §§ 1622 and 1623 must be dismissed.

## IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant Lone Star College System's Motion to Dismiss (Doc. 27) is **GRANTED**.

SIGNED at Houston, Texas, this 10th day of August, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE